UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANDREE BLACK, #193803,

    Plaintiff,                                                Hon. Janet T. Neff

v.                                                   Case No. 1:16-cv-585

HALEY (HUFF) HENLEY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (ECF No. 11). Plaintiff initiated this action alleging that on or about April 5, 2016, Defendant Haley Henley improperly opened and read his outgoing legal mail. Defendant Henley now moves to dismiss Plaintiff's complaint on the ground that Plaintiff has failed to exhaust his administrative remedies. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **denied**.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the

non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than

for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

Defendants have presented evidence that Plaintiff, during the relevant time period, pursued only one grievance through all three steps of the grievance process. (ECF 12-3 at PageID.81-85). Defendant has neither provided the Court with a copy of this grievance nor asserted that such does not concern the allegations giving rise to the present action. Defendant asserts that because Plaintiff did not complete the grievance process until after initiating the present action, Plaintiff's complaint must be dismissed. Defendant is correct that a prisoner cannot exhaust his administrative remedies during the pendency of his federal action. *See, e.g., Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)

("we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed"); *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (a prisoner "may not exhaust administrative remedies during the pendency of the federal suit").

Plaintiff responds that he properly exhausted his grievance before initiating the present action. Specifically, Plaintiff has submitted an affidavit in which he asserts the following. On or about April 7, 2016, Plaintiff submitted a grievance alleging that Defendant opened his outgoing legal mail. (ECF No. 17 at PageID.101). On or about April 14, 2016, Plaintiff received a response to his grievance acknowledging that Defendant opened Plaintiff's mail. (ECF No. 17 at PageID.101). The grievance response further indicated that Defendant "has been made aware of the situation" and "[t]he issue has been corrected." (ECF No. 17 at PageID.101). Plaintiff asserts that he had no need to pursue the grievance further because he received a favorable ruling at Step I. (ECF No. 17 at PageID.102).

As noted above, what constitutes proper or complete exhaustion is defined by the Supreme Court as compliance with an agency's rules and requirements. MDOC Policy specifically provides that a prisoner "*may* file a Step II grievance if s/he is dissatisfied with the response received at Step I or if s/he did not receive a timely response." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶¶ BB (emphasis added). Likewise, MDOC Policy specifically provides that a prisoner "*may* file a Step III grievance if s/he is dissatisfied with the response received at Step II or if s/he did not receive a timely response." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶¶ FF (emphasis added).

A plausible reading of these provisions is that a prisoner is not required to pursue a matter through all three steps of the grievance process if the matter is resolved to his satisfaction prior to Step III. Defendant has identified no MDOC Policy provision that obligates prisoners to pursue a grievance through all three steps if the matter is resolved in a manner satisfactory to the prisoner prior to Step III.

Likewise, Defendant has presented no evidence challenging Plaintiff's assertions that the matter was resolved in his favor at Step I.  Finally, Defendant has failed to identify for the Court any legal authority holding that under the circumstances described herein, where a grievance is resolved in the prisoner's favor at Step I and no further action taken, the prisoner has failed to properly exhaust the claim in question.  Accordingly, the Court finds that Defendant has failed to meet her burden to establish that Plaintiff failed to properly exhaust his claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 11), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  March 27, 2017        /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge