UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANDREE BLACK,

        Plaintiff,                                Hon. Janet T. Neff

v.                                                 Case No. 1:16-cv-585

HALEY HENLEY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment, (ECF No. 36), and Plaintiff's Motion for Summary Judgment, (ECF No. 42). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that both motions be **denied**.

## BACKGROUND

The following allegations are contained in Plaintiff's amended complaint. (ECF No. 10). Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC). On April 4, 2016, Plaintiff submitted for mailing material addressed to the MDOC Pardons and Commutation Coordinator Unit. The following day, Haley Henley opened Plaintiff's mail, read the contents, and then destroyed the mail in question. Henley thereafter required Plaintiff to submit his outgoing mail unsealed so that it could be reviewed by prison staff. Plaintiff initiated the present action against Henley alleging that she violated his First Amendment rights.[1] Defendant Henley and Plaintiff now both move for summary judgment.

---

[1] In subsequent pleadings, Plaintiff makes reference to an alleged violation of his right to procedural due process. Plaintiff's complaint, however, even interpreted indulgently, articulates no such claim.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

Defendant argues that she is entitled to relief on the ground that the mail in question is not properly characterized as "legal mail" and, furthermore, that "even assuming that the envelope was legal mail, [Plaintiff] has failed to state a claim." Plaintiff argues that he is entitled to summary judgment because Defendant opened his legal mail outside his presence after which she "destroyed the contents" thereof. For the reasons discussed below, disputes of fact preclude granting summary judgment to either party.

Convicted prisoners "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *see also, Turner v. Safley*, 482 U.S. 78, 84 (1987) ("[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution"). For example, inmates retain the right, under the First Amendment, to

send and receive mail.  *See, e.g., Bergey v. Tribley*, 2015 WL 2401503 at *4 (W.D. Mich., May 20, 2015) (citations omitted).

Courts have long recognized a distinction between legal mail and non-legal mail, the former warranting much greater protection from unreasonable intrusion.  *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 577 (1974); *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996).  Whether a particular item of mail qualifies as legal mail is a question of law for the Court to resolve.  *See Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003).  While Plaintiff asserts in conclusory fashion that the mail in question is properly characterized as legal mail, there is nothing in the record to support such.  Other than identifying the intended recipient of the subject mail, Plaintiff offers neither allegation nor evidence concerning the content of this mail.

The mere fact that the mail was allegedly addressed to the MDOC Pardons and Commutation Coordinator Unit does not automatically render the contents "legal mail."  *See, e.g., Jones v. Caruso*, 569 F.3d 258, 268 (6th Cir. 2009) (recognizing that "general communications with public officials that do not implicate the right to petition for grievances and the right of access to the courts" do not qualify as legal mail).  Plaintiff has failed to describe or provide evidence regarding the contents of the mail in question.  Plaintiff has likewise failed to allege that the mail in question concerned his right to petition the government for redress of grievances or that the alleged failure to deliver such impaired his right of access to the courts.  Accordingly, the Court concludes that the mail in question does not constitute legal mail.

As Defendant correctly notes, there does exist authority which stands for the general proposition that "isolated instances of interference with prisoners' mail do not rise to the level of a constitutional violation under the First Amendment."  *Flores v. Leece*, 2017 WL 4639957 at *5 (W.D. Mich., Oct. 17, 2017) (quoting *Johnson v. Wilkinson*, 229 F.3d 1152 (6th Cir. 2000)).  Accordingly,

Defendant asserts that she is entitled to relief on the ground that Plaintiff's allegations fail to state a claim on which relief may be granted.

While Plaintiff's action is premised upon a single, isolated incident, the authority cited by Defendant does not advance her cause because Plaintiff does not allege that Defendant *interfered* with his mail, but *destroyed* it altogether. The cases cited by Defendant concern circumstances in which prison officials improperly opened or processed a prisoner's legal mail or, in one case, refused to provide an excessive number of postage loans to a prisoner so that he could send non-legal mail. Defendant has cited no authority which holds that where a prison official is alleged to have *destroyed*, as opposed to merely *interfered with*, a prisoner's out-going mail that such fails to state a claim of constitutional dimension. While it is not unreasonable to deny relief to prisoners whose mail has been subject to certain isolated instances of interference, the Court is troubled by any argument that, in essence, communicates to prison officials that they can, with impunity, subject a prisoner's mail to even isolated instances of *destruction*. Having been presented with no authority supporting such an argument, the Court rejects Defendant's argument that Plaintiff's allegations fail to state a claim.

As for the parties' motions for summary judgment, the evidence presently before the Court precludes such relief for either party. Defendant has submitted an affidavit in which she concedes that she opened Plaintiff's mail, but that she thereafter returned it to Plaintiff so that it could be placed in a new envelope and processed for mailing. (ECF N0. 37-4 at PageID.184). Defendant has also submitted an affidavit executed by another prison official who witnessed the aforementioned events and who confirms Defendant Henley's version of events. (ECF No. 37-4 at PageID.187-88). In response to Defendant's motion and in support of his own motion for summary judgment, Plaintiff has submitted little evidence. Plaintiff has, however, submitted an affidavit in which he asserts that Defendant Henley "destroyed the contents of the mail" in question. (ECF No. 43 at PageID.303-05). Defendant has submitted no evidence

refuting this assertion or otherwise demonstrating that the mail in question was, in fact, received by the intended recipient. Thus, there exists a genuine factual dispute concerning whether Defendant destroyed Plaintiff's outgoing mail or merely interfered with such. As discussed above, this distinction is, at least in the present circumstance and posture, dispositive. Accordingly, neither party is entitled to summary judgment.

The Court likewise rejects Defendant's request for qualified immunity. The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of harassing litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). As is well recognized, they can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages, and if unjustified lawsuits are quickly terminated. *Id.* Generally, when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996). The question whether a defendant enjoys qualified immunity is a question of law for the Court to resolve. *See Virgili v. Gilbert*, 272 F.3d 391, 392 (6th Cir. 2001).

It has long been established that prison officials can interfere with or restrict a prisoner's right to send and receive mail only so long as such interference or restriction is "reasonably related to security or other legitimate penological objectives." *Sallier*, 343 F.3d at 873. Destruction of a prisoner's outgoing mail certainly qualifies as interference or restriction of his right to send and receive mail and in the absence of a legitimate security or penological objective for doing so, any reasonable official would have understood that such destruction was unlawful. Defendant does not argue that there existed any legitimate reason to destroy Plaintiff's mail. Accordingly, she is not entitled to qualified immunity.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 36), and <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 42), both be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    Respectfully submitted,

Dated: February 6, 2018      /s/ Ellen S. Carmody
    ELLEN S. CARMODY
    U.S. Magistrate Judge